O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN K. FORTYUNE, ) | Case No. CV 11-06644 DDP (JCGx) |
| ) | |
| Plaintiff, ) | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| ) | |
| v. ) | |
| ) | |
| CITY OF LOMITA, ) | [Docket No. 6] |
| ) | |
| Defendant. ) | |
| _____ ) | |

Presently before the court is Defendant City of Lomita's Motion to Dismiss Plaintiff Robin K. Fortyune's Complaint ("Motion"). After reviewing the parties' moving papers and considering the arguments therein, the court DENIES the City's Motion.

**I. BACKGROUND**

Plaintiff Robyn K. Fortyune is a California resident with physical disabilities. She alleges that Defendant City of Lomita has violated the Americans with Disabilities Act ("ADA") and the California Disabled Persons Act ("DPA"), by failing to provide any handicap-accessible public parking in its on-street diagonal

stalls.[1] Plaintiff contends that the City thereby denies persons with disabilities full and equal access to its programs and facilities. (Compl. ¶¶ 1, 5.)

Plaintiff brought suit in Los Angeles County Superior Court, on July 1, 2011, and the City removed the action to federal court, on August 12, 2011. (Dkt. No. 1.) The City then filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that accessible on-street parking in the public right-of-way is not required under the ADA or its implementing regulations. (Dkt. No. 6.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires courts to dismiss claims for which no relief can be granted. When considering a 12(b)(6) motion, "all allegations of material fact are accepted as true and should be construed in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In Ashcroft v. Iqbal, the Supreme Court explained that a court should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. 1937, 1950 (2009). Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must

---

[1] Plaintiff has voluntarily dismissed her claim as to on-street parallel parking, although the City allegedly provides no handicap-accessible parallel parking either. (Compl. ¶ 5.)

2

be plausibly suggestive of a claim entitling the plaintiff to relief." (internal quotation marks omitted)).

**III. DISCUSSION**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; see also Lee v. City of L.A., 250 F.3d 668, 691 (9th Cir. 2001) ("Quite simply, the ADA's broad language brings within its scope anything a public entity does." (internal quotation marks omitted)). A public entity is therefore required to "operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(a).[2]

Implementing regulations also detail requirements for particular public services, programs, and activities, providing specificity to the ADA's general mandate. See, e.g., 28 C.F.R. §§ 35.150(d)(2), 35.151(i) (requiring curb ramps or other sloped areas for pedestrian access to sidewalks at intersections). Relevant here, for instance, the Architectural and Transportation Barriers Compliance Board recently proposed guidelines requiring set amounts of on-street parking to be handicap-accessible. See Accessibility Guidelines for Pedestrian Facilities in the Public Right-of-Way, 76

---

[2] It is unnecessary to address the California Disabled Persons Act separately, since a "violation of the right of an individual under the [ADA] also constitutes a violation" of the DPA. Cal. Civ. Code § 54(c).

3

Fed. Reg. 44664, 44677 (proposed July 6, 2011) (to be codified at 36 C.F.R. pt. 1190, app.).

The City recognizes the ADA's breadth of coverage, but argues that Plaintiff's claim is precluded because no current regulation expressly addresses on-street parking. The court disagrees. Congress implemented the ADA to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1); see also Hason v. Med. Bd. of Cal., 279 F.3d 1167, 1172 (9th Cir. 2002) (holding that courts must construe the ADA broadly to effectively implement this mandate). It is a violation of the statute itself to deny a public service to individuals with disabilities. See 42 U.S.C. § 12132. This means that *all* public services must be readily accessible to such individuals, see 28 C.F.R. § 35.150(a), whether or not a federal agency has created specific guidelines for a particular service. In other words, detailed regulations can help public entities and courts determine compliance, but where none are on point, we fall back to the general statutory requirement, not out of its coverage. Nor do the proposed regulations change the analysis. As Plaintiff properly explains, "merely because a proposed new set of regulations will explicitly discuss the accessibility standards for a particular thing, does not mean that there were no obligations before." (Pl.'s Opp'n to Mot. at 10.)

The case law also supports this analysis. Both parties address the Ninth Circuit's decision in Barden v. City of Sacramento, 292 F.3d 1073 (9th Cir. 2002). Barden held that maintenance of public sidewalks is subject to Title II, even though

4

no regulation "specifically address[ed] the accessibility of sidewalks." Id. at 1077. In so holding, the court explained that the express regulatory requirement for curb ramps "would be meaningless if the sidewalks between the curb ramps were inaccessible." Id. To some degree, the same might be said here: the curb ramp requirement would be less meaningful if on-street parking next to the ramps were not accessible. But the more important point, and end result in Barden, is that public entities must provide the reasonable access required by the ADA even in the absence of a specific regulation. See also Ass'n for Disabled Ams. v. Concorde Gaming Corp., 158 F. Supp. 2d 1353, 1369 (S.D. Fla. 2001) ("[T]he lack of regulations for commercial, passenger vessels renders compliance with and application of Title III an arduous task. In light of the ADA's mandate for the elimination of discrimination against persons with disabilities, it is a task, though, that can no longer be delayed." (internal citations and quotation marks omitted)).[3]

    Finally, the point is made clear by imagining the scenario - entirely possible here, at the motion to dismiss stage - where a city courthouse is surrounded entirely by on-street parking, with no other parking structure or vehicle access. Clearly, individuals with physical disabilities would lack reasonable access to a critical public service. See Botosan v. Paul McNally Realty, 216

---

[3] On a side note, a district court has concluded in a well-reasoned decision that one ADA regulation, 28 C.F.R. pt. 36, app. A § 4.1.2(5)(a), may in fact apply to on-street parking under certain circumstances. See Lang v. Crocker Park LLC, No. 09-CV-1412, 2010 WL 3326867 (N.D. Ohio Aug. 20, 2010) ("[T]here is no express requirement to provide on-street parking in the [regulations]. However, if the Defendants are going to provide on-street parking to the non-disabled, they may be required to provide disabled parking as well.").

1  F.3d 827, 835 (9th Cir. 2000) (noting that another car may park
2  right next to a non-disabled parking space, making it impossible to
3  reenter the vehicle from a wheelchair).  Until the facts are
4  further developed in this case, the court cannot rule out this or
5  other equally discriminatory possibilities.

**IV.   CONCLUSION**

In sum, the broad language of the ADA requires public entities to ensure that all services, including on-street parking, are reasonably accessible to and usable by individuals with disabilities.  Plaintiff's Complaint alleges sufficient facts - in particular, the absence of any handicap-accessible on-street parking - to plausibly make out a claim for relief.  The court therefore DENIES Defendant's Motion to Dismiss.

IT IS SO ORDERED.


Dated: October 28, 2011
                                    DEAN D. PREGERSON
                                    United States District Judge