O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBIN K. FORTYUNE, | ) | Case No. CV 11-06644 DDP (JCGx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** |
| v. | ) | |
| | ) | |
| CITY OF LOMITA, | ) | [Docket No. 18] |
| | ) | |
| Defendant. | ) | |

Presently before the court is Defendant City of Lomita's Motion for Certification of Order for Appeal Pursuant to 28 U.S.C. Section 1292(b) ("Motion"). Having reviewed the parties' moving papers, the court grants the Motion and adopts the following Order.

I. BACKGROUND

On October 28, 2011, the court issued an Order Denying Defendant's Motion to Dismiss. The court held that Defendant City of Lomita ("City") could have violated the Americans with Disabilities Act's broad mandate by failing to provide handicap-accessible public parking in its on-street diagonal stalls, despite the absence of any statutory language or current regulation <u>expressly</u> addressing such on-street parking. The City now seeks

interlocutory appellate review of this holding.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

Thus, the three requirements for certification of an interlocutory appeal under § 1292(b) are: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). This provision is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." Id.

## III. DISCUSSION

Here, there is no dispute that the underlying Order involves a controlling question of law and that an immediate appeal may materially advance the litigation. The parties disagree, however, whether there are substantial grounds for a difference of opinion on the legal holding at issue. Although the court is confident that its holding flows sensibly from existing law, the court acknowledges that the matter is not settled and that at least one circuit decision suggests a different outcome. See Lara v.

2

Cinemark USA, Inc., 207 F.3d 783 (5th Cir. 2000).  Accordingly, the court finds the second prong met.

Finally, the court finds that "exceptional circumstances" here justify an interlocutory appeal.  As the City argues, without regulations on point, it will be very difficult to determine the appropriate remedy for the alleged ADA violation.  If the court were to proceed to resolve this litigation and then be reversed, the additional litigation would waste resources.  In contrast, if the court is affirmed, no time will be wasted because the City presumably would have appealed a final determination in any case. For this reason, and because of the importance of the question at issue, the court finds that the "exceptional circumstances" here justify an interlocutory appeal.[1]

IV.  CONCLUSION

Based on the foregoing analysis, the court GRANTS the City's Motion and certifies its October 28, 2011 Order for interlocutory appeal.

IT IS SO ORDERED.

Dated: April 4, 2012

DEAN D. PREGERSON
United States District Judge

---

[1] Plaintiff also argues that the City's Motion is improper because the court did not state in the underlying Order that immediate appeal was appropriate.  Plaintiff contends that the City should therefore have filed a motion to amend the Order.  The City disagrees that such an amendment is required.  It is unnecessary to resolve this dispute.  As the City suggests, the court hereby amends its prior Order to state that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

3